AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  13-mj-1087-RBC
One Samsung Black and Green Cellular Telephone, )
Serial Number RPGQ621511Y )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
One Samsung Black and Green Cellular Telephone, Serial Number RPGQ621511Y

located in the _____ District of ____Massachusetts____, there is now concealed *(identify the person or describe the property to be seized)*:
evidence of possession of controlled substances with an intent to distribute

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | Possession with intent to distribute controlled substances |
| 18 USC 1028(a) | Identity Theft |

The application is based on these facts:
(see attached affidavit)

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SEAN RAFFERTY, S.A. ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ~~03/19/2013~~ MAR 19 2013 at 2:23 pm

_____
*Judge's signature*

City and state: Boston, MA            ROBERT B. COLLINGS, U.S. MAGIS. JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Sean Rafferty, being a duly sworn and appointed Special Agent of the United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HIS), hereby make the following statement:

1. I am currently employed as a Special Agent with HSI and have been so employed since December 2002. I have had training and experience in the enforcement of the immigration and nationality laws and controlled substance laws of the United States. I have also received training from the Drug Enforcement Administration (DEA) and HSI in telecommunication exploitation. My duties as a Special Agent involve the investigation of alien smuggling, human trafficking and the criminal activities of illegal aliens, who in addition to being unlawfully present in the United States are sometimes involved in identity theft and narcotics trafficking. In investigating these matters, I have acted as a case agent, contact agent for confidential sources, and have participated previously in the use of wire and electronic surveillance. These investigations have resulted in the issuance of federal search warrants, seizure warrants, indictments, and convictions of persons for federal immigration and narcotics violations. Additionally, I have also spoken on numerous occasions with informants, suspects, and other experienced narcotics traffickers concerning the methods and practices of drug traffickers.

2. The affidavit is based upon my own investigation and information provided to me by other law enforcement agents and agencies. This affidavit is not intended to contain all information I have learned during the course of this investigation but that which is sufficient to support a finding of probable cause in support of an application for

a search warrant to examine a cellular telephone related to drug trafficking (see Attachment A).

3. On January 23, 2013, United States Magistrate Judge Robert B. Collings, District of Massachusetts, authorized an arrest warrant for Juan Miguel LABOY for violation of 8 USC 1326, illegal reentry after deportation. United States Magistrate Judge Collings also authorized a search warrant for 142 Pleasant Valley Street, Building 60, Apt 102, Methuen, MA in relation to the HSI investigation of LABOY.

4. On January 24, 2013, HSI Special Agents with the assistance of DEA Cross Border Task Force executed the arrest warrant and search warrant at 142 Pleasant Valley Street, Building 60, Apt 102, Methuen, MA. The rent for this apartment, and two others in the same complex, was being paid for in cash, via money order, by LABOY. The apartments were leased in the names of others, however. For example, the lease agreement for 142 Pleasant Street, Building 60, Apartment 102, was in the name of Jamil Ramos. Further investigation revealed the person who rented the apartment in the Ramos identity was actually using a stolen identity. The utility account for this apartment was in another person's name, Joselin Zosh. Special Agents believe that this was also a false and stolen identity.

5. Special Agents encountered and arrested LABOY at the time of the search. He has subsequently been indicted on a federal charge of illegal reentry. During the search, Special Agents also encountered an individual named Wilfred MENDEZ, who was on a cellular telephone and in a bedroom closet at the time of entry, and another individual claiming to be Enrique Martinez-Baez, who was subsequently identified as Amaurys

AYBAR-AYBAR. This individual is the subject of a federal criminal complaint that is being sought on this date as well.

6. Special Agents and Task Force Officers searched the residence for evidence of identity, alienage and documents to facilitate illegal reentry by an alien and harboring an illegal alien. During the search Special Agents discovered a narcotics kilo press, 1,488.44 grams of suspected heroin, cutting agent, packaging material, a three-camera video surveillance system, a scale, two false identity documents, two false social security cards, two narcotics ledgers with clients names and money amounts, a narcotics trap with motor to hide narcotics, five cellular telephones and documents including a utility bill and an apartment rental agreement in a false identity.

7. The five cellphones found in the apartment were as follows:

1) Nokia
   Provider: T-Mobile
   Color: Dark Gray/Silver
   Serial Number: 0520561
   Was seen in Laboy's hand; he dropped it upon his arrest.

2) Samsung
   Provider: T-Mobile
   Color: Black with green speaker
   Serial Number: RPGQ621511Y
   Found in living room near the couch.

3) Samsung
   Provider: T-Mobile
   Color: Gray
   Serial Number: R21C45SMBBE
   Found in living room near the couch (did not have a battery).

4) Samsung
   Provider: T-Mobile
   Color: Dark Blue
   Serial Number: R21C201Y93V
   Was in Mendez' hand, being used, upon his arrest.

5) BlackBerry
   Provider: Boost Mobile
   Color: Black
   MEID DEC: 268435459705202983
   Identified by Aybar as his.

8. On January 29, 2013, HSI SA Agent Michael Campfield delivered an Immigration Enforcement Subpoena to Summit Place DBA The Dolmen Company, 142 Pleasant Valley Street, #10, Methuen, MA. The Immigration Enforcement Subpoena was to obtain records for the lease agreements for Building 60, Apartment 102 and Building 60, Apartment 204.

9. On February 12, 2013, SA Rafferty reviewed the lease information for 142 Pleasant Valley Street, Building 60, Apartment 102, Methuen, MA (the apartment that was searched). SA Rafferty determined a female using the identity Jamil RAMOS, DOB: XX/XX/1985, Social Security number (SSN) XXX-XX-0530 rented the apartment. Jamil RAMOS listed her employment as a Legal Assistant for Crnilovic Law Offices LLC, 160 Common Street, Lawrence, MA. RAMOS listed her annual income as $57,000 and claims to have worked for the law office for 4 years and 2 months (9/12/2012 date of application). RAMOS listed a TD Bank Account and a Visa credit card on the resident application for 142 Pleasant Valley Street, Building 60, Apartment 102, Methuen, MA. RAMOS listed her previous address as 14 Texas Street, Lawrence, MA. The lease packet contained an employment verification form with the name Jamil Ramos, SSN: XXX-XX-0530 and two pay stubs from Crnilovic Law Office with the name Jamil Ramos and SSN: XXX-XX-0530. RAMOS had a Massachusetts identity document listing her date of birth as XX/XX/1985, ID# XXXXX0530 and an address in Lawrence, MA.

10. On February 12, 2013, SA Rafferty reviewed the lease information for 142 Pleasant Valley Street, Building 60, Apartment 204, a second apartment paid for by LABOY. SA Rafferty determined a female using the identity Joselyn ZOSH, DOB: XX/XX/1983, SSN: XXX-XX-1714, rented the apartment. ZOSH also listed her employment as a Legal Assistant for Crnilovic Law Offices LLC, 160 Common Street, Lawrence, MA. ZOSH listed her annual income as $55,120 and claims to have worked for the law office for 3 years and 4 months (10/16/2012 date of application). ZOSH listed a Bank of America Account on the resident application for 142 Pleasant Valley Street, Building 60, Apartment 204, Methuen, MA. ZOSH listed her previous address in Methuen, MA. The lease packet contained an employment verification form with the name Joselyn Zosh, SSN: XXX-XX-1714 and three pay stubs from Crnilovic Law Office with the name Joselyn Zosh and SSN: XXX-XX-1714. ZOSH had a Massachusetts identity document listing her date of birth as XX/XX/1983, ID#: SXXXX9317 and an address in Methuen, MA.

11. On February 12, 2013, SA Rafferty checked SSN: XXX-XX-0530, the social security number used by RAMOS, the woman on the lease for the searched apartment, to see if anyone had been issued a passport under that identity. SA Rafferty determined that Yamil Ivan Ramos Soler, a male, from Puerto Rico has been issued passports under that identity. SA Rafferty also checked Massachusetts identification card ID# XXXXX0530 in the Massachusetts Registry of Motor Vehicles system. SA Rafferty determined the unknown female using the Ramos identity provided a false Massachusetts identity document to the Summit Place Apartments.

12. On February 13, 2013, SA Rafferty also checked the Joselyn Zosh Massachusetts identification card in the Massachusetts Registry of Motor Vehicles system and determined the document is a false document. Among other issues, the date of expiration and date of birth are the same on the document.

13. On February 25, 2013, Special Agents in Puerto Rico interviewed Ramos Soler in Guaynabo, Puerto Rico. Ramos Soler stated that he never authorized anyone to use his identity. Ramos Soler provided SA Baez with a copy of his Puerto Rico driver's license and also filled out the record of sworn statement in affidavit form with SA Baez. Ramos Soler provided SA Baez with his full name, date and place of birth, mother and father's full names and his social security number. A Special Agent showed Ramos Soler a copy of the Massachusetts identification card ID# XXXXX0530 that the person had provided in the Ramos identity to lease 142 Pleasant Valley Street, Building 60, Apt 102, Methuen, MA. The identity document contained a picture of the person using Ramos Soler's identity. Ramos Soler stated he did not know the female on the identification card. Ramos Soler stated he had not given anyone permission to use his identity. Ramos Soler stated in December 2012, he received a letter from the Internal Revenue Service indicating that someone was using his identity. SA Rafferty asked Ramos Soler if he had ever lost his wallet. Ramos Soler stated he lost his wallet approximately five years ago in Puerto Rico.

14. On March 5, 2013, Special Agents in Puerto Rico interviewed Joselyn-Zosh-Rodriguez (Zosh) in Puerto Rico. Zosh stated she never authorized anyone to use her identity. Zosh stated her purse was stolen from her car when she was 18 years old at El Yunque rainforest in Puerto Rico. Zosh stated she realized her identity was stolen

sometime in August 2012, when AT&T Customer Service called her and requested all personal information. Zosh also noticed when she checked with Transunion, a credit bureau, that a couple of credit inquires did not belong to her. Special Agents showed Zosh a copy of the Massachusetts identification card ID# SXXXX9317 that the person had provided in the Zosh identity to lease 142 Pleasant Valley Street, Building 60, Apt 204, Methuen, MA and was using to pay for the utilities for 142 Pleasant Valley Street, Building 60, Apt 102, Methuen, MA. Zosh stated she did not know the female on the identification card.

15. At the time of the search warrant, LABOY and MENDEZ both had keys on them to apartment 142 Pleasant Valley Street, Building 60, Apt 102, Methuen, MA. LABOY and MENDEZ also had clothing to include pants, shirts, underwear, shoes and jackets in the closets in the two bedrooms of the residence. I also found a pill bottle found in MENDEZ's room with the name Fernando ARIAS and an address of 52 Manchester Street Apt, 3 Lawrence, MA. The bottle also had the name Doctor Raju Navernun. I looked up the doctor's name in the Massachusetts Board of Registration in Medicine. I determined the doctor's name was spelled wrong on the pill bottle and was most likely Dr. Raju Lawrence Navaratnam, 100 Franklin Street, Lawrence, MA. I called MENDEZ by the name Fernando ARIAS and he looked up at me immediately on the night we encountered him. I took note of the information above and requested a grand jury subpoena to follow up on the information.

16. On February 27, 2013, I served Dr. Navaratnam with a Grand Jury subpoena at 100 Franklin Street, Lawrence, MA. Dr. Navaratnam advised me that he has a patient named Fernando ARIAS. Dr. Navaratnam also advised me that ARIAS listed his address

as 52 Manchester Street Apt, 3 Lawrence, MA. Dr. Navaratnam provided me with the requested information listed in the Grand Jury subpoena. I reviewed the information and determined Fernando ARIAS listed two listed telephone numbers. The first number is 978-885-6322, the telephone number of the cellular telephone MENDEZ had on him in the closet.

17. On February 19, 2013, Task Force Officer (TFO) Antonio Freitas and I interviewed AYBAR-AYBAR and asked him the name of the two individuals that were with him in the apartment. AYBAR-AYBAR stated he knew them as "Laboy" and "Fernando". I asked AYBAR-AYBAR what cellular telephone was his at the apartment. AYBAR-AYBAR stated it was a Blackberry cellular telephone. I showed AYBAR-AYBAR a picture of the cellular telephones seized from the apartment. AYBAR-AYBAR identified the Blackberry cellular telephone as his cellular telephone. I asked AYBAR-AYBAR if he would give me permission to check his cellular telephone to see if he was involved in drug trafficking. AYBAR-AYBAR told me that I could check the cellular telephone. AYBAR-AYBAR told me the password was 2929 and that I would only find pictures on the telephone. I asked AYBAR-AYBAR if he would provide me with written consent to search the cellular telephone. AYBAR-AYBAR wrote on a piece of paper in Spanish that he gave me permission to search his cellular telephone and signed the paper.

18. On February 20, 2013, I checked AYBAR-AYBAR's cellular telephone and found pictures on the telephone of AYBAR-AYBAR and LABOY at the apartment on cellular telephone. I determined AYBAR-AYBAR's telephone number was 978-590-9121. I also found a Blackberry message from a person in the phone by the name El

Turri to AYBAR-AYBAR that was from January 23, 2013 at 9:37 p.m. (Note: On January 24, 2013, Special Agents executed the search warrant and found false documents, drug paraphernalia and heroin in the residence). I believe the conversation is regarding packages of heroin that are sent through the U.S. Mail or by a common carrier. The message starts from El Turri telling AYBAR-AYBAR, "that with an ID you can recover that," "its 150 of h" (150 grams of heroin, most likely). AYBAR-AYBAR states "Damn!" and El Turri states "there is already another one to deliver tomorrow with 250 h also". AYBAR-AYBAR confirms that "they will be ready." They discuss the delivery method, that it is okay with AYBAR-AYBAR, and that they need more cool people (presumably, to accept delivery of the heroin packages).

19. In the weeks following execution of the search warrant and the seizure of the cell phones listed in Attachment A, no one has come forward to claim any of the phones. We have identified the owners of three of the telephones by either admission of the owner or by physical possession at the time of execution of the search warrant.

20. I know individuals involved in drug trafficking do not bring unknown individuals or individuals not involved in the organization to locations where narcotics are stored. A reason for this is an unknown person or person not involved in the organization may alert law enforcement to the location where the narcotics are stored or attempt to steal the narcotics from the organization. Narcotics traffickers often use surveillance detection systems to detect law enforcement surveillance and protect their narcotics from individuals who would steal them. Agents found surveillance cameras, drugs, a drug "hide," or place to secrete drugs, and numerous items associated with drug trafficking during the search in this case.

21. Individuals involved in drug trafficking commonly use multiple cellular telephones when ordering, purchasing, distributing, and coordinating the transportation of drugs. These cellular telephones contain the names and telephone numbers of suppliers, customers, and coconspirators. Individuals involved in drug trafficking commonly use multiple cellular telephones and often change their cellular telephone numbers due to being familiar with law enforcement techniques to monitor telephone conversations and track cellular telephone locations during narcotics investigations.

22. Individuals involved in drug trafficking take, or cause to be taken, photographs of themselves, their associates and their drugs, and sometimes maintain these photographs on their cellular telephones. Individuals involved in drug trafficking often use text messages to contact their suppliers, customers, and coconspirators. The messages are typically stored in the cellular telephone until they are erased.

23. Based on prior searches of cellular telephones used by individuals involved in drug trafficking, I believe I will find names and telephone numbers of suppliers, customers and coconspirators, at least some of which will match the names in ledgers found at the residence. Additionally I believe I will find photographs, call logs and text messages of the narcotics traffickers and their associates in the cellular telephones listed in Attachment A.

24. Based on prior searches of cellular telephones used by individuals involved in identity theft, I believe I will find photographs, call logs and text messages which will show the true identity of the cellular telephone owners, as well as other evidence of identity theft, in the cellular telephones listed in Attachment A.

Based on training and experience, consultation with other HSI Special Agents and DEA Special Agents experienced in drug investigations, and all the facts and opinions set forth in this affidavit, I believe evidence of violations of Title 21, United States Code, Sections 846 and 841(a)(1) (conspiracy to distribute, possession of with intent to distribute, and distribution of heroin), as well as violations of Title 18, United States Code, Section 1028(a)(identity theft) will be found in the cellular telephones described in Attachment A.

Sean Rafferty
Special Agent
Immigration and Customs Enforcement
Homeland Security Investigations

MAR 1 9 2013

Sworn to and subscribed before me this _____ day of March, 2013.

ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE

Attachment A

1) Nokia
   Provider: T-Mobile
   Color: Dark Gray/Silver
   Serial Number: 0520561

2) Samsung
   Provider: T-Mobile
   Color: Black with green speaker
   Serial Number: RPGQ621511Y

3) Samsung
   Provider: T-Mobile
   Color: Gray
   Serial Number: R21C45SMBBE

4) Samsung
   Provider: T-Mobile
   Color: Dark Blue
   Serial Number: R21C201Y93V

5) BlackBerry
   Provider: Boost Mobile
   Color: Black
   MEID DEC: 268435459705202983